UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES GRAVAS,

          Plaintiff,

v.                     Civil Action No. _____

ADMIN RECOVERY, LLC.,

          Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, James Gravas, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Admin Recovery, LLC., (hereinafter "Admin") is a Domestic Limited Liability Company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

1

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff allegedly incurred a Raymour & Flanigan credit card debt. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter allegedly defaulted on the subject debt.

12. That upon information and belief, Defendant, was employed by the account holder to collect the subject debt.

13. In or about July 12, 2018, Plaintiff received a voicemail message from Defendant on his direct work phone number. Plaintiff's voicemail prompts states his name aprossign anyone who is leavinga mesags that they have reached a good number for the Plaintiff.

14. In or about July 2018, Defendant left mutliple message on Plaintiff's mothers voicemail.

15. That Plaintiff never provided her cellular telephone number to either the Defendant or its client as a gōd contact number to reach the Plaintiff. That some if not all of these messages were left after the Defendant had already called Plaintiff direct work line.

16. That one of the aforementioned messages states for Plaintiff's mother to pass on a message to Plaintiff to return a call to the Defendant.

17. In or about July 26 2018, the Defendant contacted a co-worker at a different branch of Plaintiff's place of employment and asked the co-worker to pass a message to Plaintiff to contact the Defendant. In response to this directive, Plainitiff's co-worker then emailed Plaintiff to pass him the message for him to contact the Defendant.

18. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

> A. Defendant violated 15 U.S.C. §1692c(b) and 15 U.S.C. §1692e(11) by calling Plaintiff's mother and his place of employment despite already

having good contact numbes for the Plaintifff and for reasons other than location information.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: February 25, 2019

Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com

3